IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| GEORGE JOY, | ) | CIVIL NO 07-00574 DAE-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| STATE OF HAWAII, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S
MOTION TO AMEND COMPLAINT AND DENYING PLAINTIFF'S
MOTION FOR REQUIRED JOINDER OF HALE MUA, LLC & JERRY TOYAMA;
MOTION FOR PERMISSIVE JOINDER OF HALE MUA, LLC & JERRY TOYAMA**

Before the Court are pro se Plaintiff George Joy's ("Plaintiff") Motion to Amend Complaint ("Motion to Amend"), filed on August 27, 20008, and Motion for Required Joinder of Hale Mua, LLC & Jerry Toyama; Motion for Permissive Joinder of Hale Mua, LLC & Jerry Toyama ("Joinder Motion"), filed on August 18, 2008.  On September 4, 2008, Defendant County of Maui filed a statement of no position and non-appearance with regard to both motions.  Hale Mua, LLC ("Hale Mua") and Jerry Toyama (collectively "the Proposed Defendants") filed their memorandum in opposition to the Joinder Motion on September 8, 2008.  These matters came on for hearing on September 22, 2008.  Plaintiff was present and Christopher Carroll, Esq., appeared on behalf of the Proposed Defendants.  Mr. Toyama was also present.  After careful consideration of the motions, supporting and opposing memoranda,

and the arguments presented at the hearing, Plaintiff's Motion to Amend is HEREBY GRANTED IN PART AND DENIED IN PART and Plaintiff's Joinder Motion is HEREBY DENIED AS MOOT for the reasons set forth below.

## BACKGROUND

Plaintiff filed the Complaint in the instant action on November 20, 2007.  The Complaint alleges that, on November 12, 2006, Plaintiff was arrested for trespass and taken into custody.  He spent over twenty-four hours in jail.  According to the Maui Police Department ("MPD") incident report for Plaintiff's arrest, Jerry Toyama, the property manager for the premises, informed Plaintiff and fifteen others that they needed to leave the premises and that they would be arrested for trespass if they did not leave.  [Exh. 3 to Complaint.]  The incident report states that the sixteen people would not leave and wanted to be arrested because they were protesting the ownership of the property.  The Complaint alleges that Plaintiff had a right to occupy the premises because he is an heir of Wm. Lunalilo, who was awarded the property by Royal Patent and Land Commission Award.  The state court dismissed the criminal trespass complaint against Plaintiff with prejudice.  The Complaint alleges two claims: Count One - violation of civil rights; and Count Two - violation of Fourth Amendment rights.

In the Joinder Motion, Plaintiff argues that he should

be allowed to join the Proposed Defendants because Toyama initiated the events at issue on November 12, 2006 by calling MPD and making false charges, which led to Plaintiff's arrest and detention.  Plaintiff further alleges that Toyama was acting as Hale Mua's agent when he made the false charges.

In the Motion to Amend, Plaintiff argues that amendment of the Complaint is necessary to reflect the joinder of the Proposed Defendants.  He argues that amendment is proper pursuant to Fed. R. Civ. P. 15(a)(2).  Plaintiff asserts that the Proposed Defendants are "culpable in [his] false arrest and false imprisonment" and "liable for violating [his] civil rights and human rights for the events that transpired on November 12, 2006."  [Motion to Amend at 5-6.]

Plaintiff attached the Proposed Amended Complaint to the Motion to Amend.  Count One and Count Two remain virtually identical to the claims alleged in the Complaint.  The only new claim is Count Three: abuse of process.  Count Three does not specify which defendant or defendants that claim is against, but immediately prior to Count Three is a two-paragraph section entitled "Additional Parties" that addresses the Proposed Defendants.  Earlier in the Proposed Amended Complaint, Plaintiff alleges that the Proposed Defendants knew or should have known that Plaintiff had a right to be on the property.  Thus, Plaintiff alleges that "Toyama acted irresponsibly by calling the

police to arrest Plaintiff." [Proposed Amended Complaint at ¶ 19.]

In their memorandum in opposition to the Joinder Motion, Proposed Defendants argue that they are neither necessary nor required parties because nothing that they did caused Plaintiff's alleged civil rights violations. Proposed Defendants admit that Toyama was acting within the scope of his employment with Hale Mua when he made the trespass complaint. Proposed Defendants also admit to Hale Mua's *respondeat superior* capacity for Toyama's actions. [Mem. in Opp. at 4.] Proposed Defendants, however, argue that Toyama was merely the complaining witness and had no part in Plaintiff's arrest or detention.

Proposed Defendants also argue that permissive joinder is not appropriate because Toyama only notified Plaintiff that he was trespassing and this was not the same transaction or occurrence as his subsequent arrest and detention by MPD, particularly in light of the fact that Plaintiff and the fifteen others with him chose to be arrested.

### DISCUSSION

I. **Timeliness of the Motion to Amend**

Pursuant to this Court's May 13, 2008 Rule 16 Scheduling Order, the deadline to add parties and amend pleadings was August 18, 2008. Plaintiff filed the Joinder Motion before the deadline to add parties and amend pleadings, but he filed the

Motion to Amend after the deadline.  Ordinarily, where a plaintiff moves to amend his complaint after the expiration of the deadline to add parties and amend pleadings, he must first show that there is good cause to amend the scheduling order.  See Fed. R. Civ. P. 16(b)(4).

The Court, however, notes that Plaintiff is proceeding pro se, and pro se litigants are held to less stringent standards than those of their legal counterparts.  See Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); Jackson v. Carey, 353 F.3d 750, 757 (9th Cir. 2003).  Further, the Motion to Amend only argues that Plaintiff should be allowed to amend the Complaint to include the Proposed Defendants who he identified in the Joinder Motion.  This Court therefore finds that Plaintiff timely sought to add the Proposed Defendants prior to the deadline to add parties and amend pleadings.

**II.  Amending the Complaint**

Under Federal Rule of Civil Procedure 15(a), once a responsive pleading has been filed, a party must obtain leave of court or the written consent of the opposing party to amend his pleadings.  "The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  The determination whether a party should be allowed to amend a pleading is left to the discretion of the court.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971) (citation omitted).  If

the facts or circumstances a plaintiff relies upon may be the basis of relief, he should be afforded an opportunity to test her claim on the merits.  See Foman v. Davis, 371 U.S. 178, 182 (1962).  Furthermore, in exercising its discretion to grant leave to amend, a court "'should be guided by the underlying purpose of Rule 15(a) . . . which was to facilitate decisions on the merits, rather than on technicalities or pleadings.'"  In re Morris, 363 F.3d 891, 894 (9th Cir. 2004) (quoting James v. Pliler, 269 F.3d 1124, 1126 (9th Cir. 2001)) (alteration in original).  Courts may consider factors such as: bad faith or dilatory motive on the movant's part; whether the amendment will cause undue delay; whether it will prejudice the opposing party; futility of the amendment; and whether the movant has already failed to cure deficiencies in prior amendments of her pleadings.  See Foman, 371 U.S. at 182; Morris, 363 F.3d at 894 (citation omitted).

In the present case, the Proposed Defendants essentially argue that the Court should not allow Plaintiff to add them as defendants because the proposed claims against them are not supported by the facts.  "Futility of amendment can, by itself, justify the denial of a motion for leave to amend."  Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995).  An amendment is futile when "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense."  Miller v. Rykoff-Sexton, Inc., 845

F.2d 209, 214 (9th Cir. 1988) (citations omitted).

At the outset, the Court notes that it is unclear what claims Plaintiff would bring against the Proposed Defendants.

### A. Civil Rights Claims

The allegations in Count One and Count Two of the Proposed Amended Complaint only address MPD.  Thus, it appears that Plaintiff would only allege Count Three against the Proposed Defendants.  The Motion to Amend, however, indicates that Plaintiff does intend to allege the claims in Count One and Count Two against the Proposed Defendants.  [Motion to Amend at 5-6 (stating that the Proposed Defendants "are liable for violating [Plaintiff's] civil rights and human rights for the events that transpired on November 12, 2006").]

If Plaintiff does intend to allege the claims in Count One and Count Two against the Proposed Defendants, this Court finds that such claims are futile.  Although not expressly stated in the Complaint, both Count One and Count Two allege claims pursuant to 42 U.S.C. § 1983, which provides that "persons are liable if they act under color of law to deprive individuals of 'any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Watson v. Weeks, 436 F.3d 1152, 1157 (9th Cir. 2006) (quoting 42 U.S.C. § 1983). Toyama did not act under color of law when he served as the complaining witness for Plaintiff's trespassing arrest.  Thus,

there are no facts that Plaintiff can prove to establish a valid § 1983 claim against the Proposed Defendants.  The Motion to Amend is DENIED as to Plaintiff's request to add the Proposed Defendants to the claims in Count One and Count Two.

      **B.**    **Abuse of Process Claim**

      The Proposed Amended Complaint alleges Count Three - abuse of process - against the Proposed Defendants.  Under Hawaii law:

> The elements of the tort of abuse of process are (1) an ulterior purpose and (2) a wilful act in the use of the process which is not proper in the regular conduct of the proceeding.  Liability for abuse of process is imposed when the putative tortfeasor uses legal process primarily for an ulterior motive.

Chung v. McCabe Hamilton & Renny Co., Ltd., 109 Haw. 520, 529, 128 P.3d 833, 842 (2006) (citations and quotation marks omitted).  Plaintiff alleges that Toyama made the trespassing complaint even though Toyama knew that Hale Mua did not have proper title to the area in question and that Plaintiff had a legal right to be on the property.  Toyama's allegedly false complaint led to Plaintiff's arrest and detention.  Although it states the elements of an abuse of process claim, the Proposed Amended Complaint does not allege that the Proposed Defendants had an ulterior purpose for making the trespassing complaint.  Nor does it identify how the Proposed Defendants' used legal process, for example, whether they pressed criminal charges and whether they

8

were involved in the criminal proceedings against Plaintiff. Thus, Plaintiff's Proposed Amended Complaint does not allege sufficient facts to support an abuse of process claim and the claim may ultimately fail.  This Court, however, cannot say that there is no set facts that Plaintiff can prove to establish a valid abuse of process claim against the Proposed Defendants. This Court therefore finds that Plaintiff's proposed abuse of process claim is not futile.  The Motion to Amend is therefore GRANTED as to Plaintiff's request to add an abuse of process claim against the Proposed Defendants.

**C.  False Arrest/False Imprisonment Claims**

Plaintiff's allegations are more consistent with a claim for false arrest or false imprisonment.  Under Hawaii law, "[f]or both false arrest and false imprisonment, the essential elements are (1) the detention or restraint of one against his [or her] will, and (2) the unlawfulness of such detention or restraint."  Reed v. City & County of Honolulu, 76 Haw. 219, 230, 873 P.2d 98, 109 (1994) (citations and quotation marks omitted) (some alterations in original).  Further, the Motion to Amend alleges that the Proposed Defendants are "culpable in the false arrest and false imprisonment of Plaintiff on November 12, 2006." [Motion to Amend at 5.]  Plaintiff claims that, based on Toyama's allegedly false report that he was trespassing on Hale Mua's property, he was detained and held in custody against his will.

9

He further alleges that his restraint and detention were unlawful, as shown by the ultimate dismissal of the criminal trespass action against him.

The general rule is that "a civilian complainant, by merely seeking police assistance or furnishing information to law enforcement authorities who are then free to exercise their own judgment as to whether an arrest should be made and criminal charges filed, will not be held liable for false arrest[.]" Breytman v. Olinville Realty, LLC, 850 N.Y.S.2d 9, 11 (N.Y. App. Div. 2007) (citations and quotation marks omitted); see also, e.g., Highfill v. Hale, 186 S.W.3d 277, 280 (Mo. 2006). Plaintiff, however, alleges that Toyama knew that Hale Mua did not have proper title to the property and that Plaintiff had a right to be on the property.  A civil complainant may be held liable for false arrest if, for example, he intentionally provided false information that resulted in the plaintiff's arrest.  See, e.g., Brown v. Nassau County, 760 N.Y.S.2d 655 (N.Y. App. Div. 2003); see also, e.g., Highfill, 186 S.W.3d at 281 (knowing provision of "false, incomplete, or misleading information"); Adams v. Nat'l Bank of Detroit, 508 N.W.2d 464, 469 n.24 (Mich. 1993) (complainant knew or should have known that the plaintiff would not have been arrested if not for his mistaken complaint).  This Court therefore finds that, if Plaintiff intends to allege a false arrest/false imprisonment

claim against the Proposed Defendants, such claim is not futile. The Court emphasizes that it expresses no opinion as to whether Plaintiff will ultimately prevail on the merits the false arrest/false imprisonment claim.

In addition, the Court instructs Plaintiff that, if he intends to allege a false arrest/false imprisonment claim against the Proposed Defendants, his Amended Complaint must so state. For example, Plaintiff can add a false arrest/false imprisonment claim as Count Four, or he can add false arrest/false imprisonment to the allegations in Count Three.

### III. **Joinder Motion**

Insofar as this Court has ruled that Plaintiff can amend his Complaint to add Hale Mua and Toyama as defendants, the Joinder Motion is DENIED AS MOOT.

### **CONCLUSION**

On the basis of the foregoing, Plaintiff's Motion to Amend Complaint, filed August 27, 2008, is HEREBY GRANTED IN PART AND DENIED IN PART.  Plaintiff's request to add an abuse of process claim and a false arrest/false imprisonment claim against Hale Mua, LLC and Jerry Toyama is GRANTED.  Plaintiff shall file his Amended Complaint by no later than **Friday, October 10, 2008**. The Amended Complaint shall be the same as the Proposed Amended Complaint attached to the Motion to Amend, except that Plaintiff may include additional facts about his abuse of process claim and

11

Plaintiff must follow this Court's instructions if he intends to allege a false arrest/false imprisonment claim.  The Court cautions Plaintiff that, if he includes additional parties or claims in the Amended Complaint other than expressly allowed in this order, the defendants may move to strike those portions of the Amended Complaint.

The Motion to Amend is DENIED in all other respects and Plaintiff's Motion for Required Joinder of Hale Mua, LLC & Jerry Toyama; Motion for Permissive Joinder of Hale Mua, LLC & Jerry Toyama, filed August 18, 2008, is DENIED AS MOOT.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, September 26, 2008.



　　　/S/ Leslie E. Kobayashi
　　Leslie E. Kobayashi
　　United States Magistrate Judge

**GEORGE JOY V. STATE OF HAWAII, ET AL; CIVIL NO. 07-00574 DAE-LEK; ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR REQUIRED JOINDER OF HALE MUA, LLC & JERRY TOYAMA; MOTION FOR PERMISSIVE JOINDER OF HALE MUA, LLC & JERRY TOYAMA**