IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| GEORGE JOY, | ) | CIVIL NO 07-00574 DAE-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| JERRY TOYAMA, MALE MUA, LLC, | ) | |
| COUNTY OF MAUI, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**REPORT OF SPECIAL MASTER ON PLAINTIFF'S OBJECTIONS
AND MEMORANDUM IN OPPOSITION TO
DEFENDANT COUNTY OF MAUI'S BILL OF COSTS**

Before the Court, pursuant to a designation by United States District Judge David Alan Ezra, is pro se Plaintiff George Joy's ("Plaintiff") Objections and Memorandum in Opposition to Defendant County of Maui's Bill of Costs, filed May 7, 2009. Defendant County of Maui ("Defendant") filed a Bill of Costs ("Bill of Costs") on April 28, 2009. In accord with Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii ("Local Rules"), the Court finds this matter suitable for disposition without a hearing. After reviewing the parties' submissions, the Court FINDS and RECOMMENDS that Plaintiff's Objections should be GRANTED IN PART AND DENIED IN PART. The Court RECOMMENDS that the district judge tax costs against Plaintiff in the amount of $1,560.46.

## BACKGROUND

Plaintiff filed his Complaint in the instant action on November 20, 2007.  The Complaint alleged that on November 12, 2006, Plaintiff was falsely arrested and taken into custody for trespassing on Defendant Hale Mua's property located in Waiehu, Maui.  Plaintiff alleged that he had a right to occupy the premises as an heir of Wm. Lunalilo, who was awarded the property by Royal Patent and Land Commission Award.  The state court dismissed the criminal trespass complaint against Plaintiff with prejudice.  The Complaint alleged two claims: Count One – violation of civil rights; and Count Two – violation of Fourth Amendment rights.

On March 30, 2009, the district judge granted Defendant's motion for summary judgment, finding that there was probable cause supporting Plaintiff's arrest and consequently Plaintiff was unable to sustain any further causes of action against Defendant.  The district court entered judgment in favor of Defendant.

In the instant Bill of Costs, Defendant seeks $1,609.41 in taxable costs for court reporter fees and copying fees.  In his Objections, Plaintiff argues that Defendant did not meet and confer with him regarding these costs, as required under Local Rule 54.2(c).  Pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff also asserts that he is not liable for Defendant's Bill of Costs

or any other legal fees that may have been overlooked.

## DISCUSSION

## I.   Meet-and-confer Requirement

Plaintiff argues that the Court should not consider the merits of Defendant's Bill of Costs because it does not comply with the requirements of Local Rule 54.2.  Local Rule 54.2(c) requires that a bill of costs

> be supported by a memorandum setting forth the grounds and authorities supporting the request and an affidavit that the costs claimed are correctly stated, were necessarily incurred, and are allowable by law.  The affidavit must also contain a representation that counsel met and conferred in an effort to resolve any disputes about the claimed costs, and the prevailing party shall state the results of such a conference[.]

Defendant's Declaration of Richard B. Rost described Defendant's unsuccessful attempt to meet-and-confer with Plaintiff.  Insofar as the Defendant did make a good faith attempt to meet and confer, this Court RECOMMENDS that Plaintiff's procedural defect objection be DENIED.

## II.  Entitlement to Costs

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party."  Fed. R. Civ. P. 54(d)(1).  Insofar as the district judge granted summary judgment in favor of Defendant, this Court finds that Defendant

3

is the prevailing party for purposes of Rule 54(d)(1).

A district court may exercise discretion in allowing or disallowing reimbursement of the costs of litigation, but it may not tax costs beyond those enumerated in 28 U.S.C. § 1920.  See Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987), superseded on other grounds, 42 U.S.C. § 1988(c). "Courts, however, are free to construe the meaning and scope of the items enumerated as taxable costs in § 1920." Frederick v. City of Portland, 162 F.R.D. 139, 142 (D. Or. 1995) (citing Alflex Corp. v. Underwriters Lab., Inc., 914 F.2d 175, 177 (9th Cir. 1990) (per curiam)).  Section 1920 enumerates the following costs:

1. Fees of the clerk and marshal;
2. Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
3. Fees and disbursements for printing and witnesses;
4. Fees for exemplification and copies of papers necessarily obtained for use in the case;
5. Docket fees under section 1923 of this title;
6. Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.  Under Rule 54(d), a prevailing party is presumptively entitled to taxable costs; the losing party must show that the taxation of costs is not appropriate.  See Save Our Valley v. Sound Transit, 335 F.3d 932, 944-45 (9th Cir. 2003).

Defendant is the prevailing party in this case and is

therefore entitled to costs under § 1920.  Defendant seeks

taxation of the following costs:

| | |
|---|---|
| Fees of the court reporter | $1,228.66 |
| Fees for copying pleadings | $  380.55 |
| | ---------- |
| Total | $1,609.41 |

[Bill of Costs at 1; Exhs. A & B to Bill of Costs.]  In support

of its claim, Defendant attached a declaration to its Bill of

Costs pursuant to 28 U.S.C. § 1924, affirming that each item was

correct and necessarily incurred in the lawsuit and the services

for which fees have been charged were actually and necessarily

performed.  [Bill of Costs, Decl. of Richard B. Rost at ¶ 4.]

Defendant argues that as the prevailing party, it is entitled to

taxable costs pursuant to Federal Rule of Civil Procedure

54(d)(1) and Local Rule 54.2(a).  [Mem. in Supp. of Bill of Costs

at 2.]


III. **Calculation of Costs**

   A.   **Plaintiff Objects that His Case was not Frivolous,
        Unreasonable, or Without Foundation**

        Plaintiff objects to paying Defendant's bill of costs

because his case was not frivolous, unreasonable, or without

foundation, pursuant to 42 U.S.C. §§ 1983 and 1988.  Although

Plaintiff brought his civil rights case pursuant to § 1983, §

1988 only applies to a prevailing defendant seeking to recover

attorneys' fees and non-taxable costs from a plaintiff.  This

Court RECOMMENDS that Plaintiff's objection be DENIED, because §

1988 is inapplicable to the instant case given that Defendant seeks to recover taxable costs pursuant to Rule 54(d).

### B.   <u>Court Reporter Costs</u>

Defendant requests taxable costs in the sum of $1,228.66 for the deposition of Plaintiff, pursuant to 28 U.S.C. §§ 1920-1925 and Local Rule 54.2(f).

Deposition costs are taxable if they are "reasonably necessary for trial."  <u>Evanow v. M/V Neptune</u>, 163 F.3d 1108, 1118 (9th Cir. 1998).  Section 1920(2) allows the court to tax as costs the "fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case."  Local Rule 54.2(f)(2) further provides that "the cost of a stenographic and/or video original and one copy of any deposition transcript necessarily obtained for use in the case is allowable," so long as the deposition is taken for trial preparation "rather than mere discovery."

This Court finds that the Plaintiff's deposition transcript was for trial preparation and was necessarily obtained for use in the case.  This Court RECOMMENDS that the district judge GRANT Defendant's court reporter costs in full.

### C.   <u>Printing Costs</u>

Defendant incurred costs in the amount of $380.55 for copying pleadings.  Section 1920(4) provides for the taxation of "fees for exemplification and copies of papers necessarily

6

obtained for use in the case."  Local Rule 54.2(f)(4) states, in

pertinent part:

> the cost of copies necessarily obtained for use in
> the case is taxable provided the party seeking
> recovery submits an affidavit describing the
> documents copied, the number of pages copied, the
> cost per page, and the use of or intended purpose
> for the items copied.  The practice of this court
> is to allow taxation of copies at $.15 per page or
> the actual cost charged by commercial copiers,
> provided such charges are reasonable.  The cost of
> copies obtained for the use and/or convenience of
> the party seeking recovery and its counsel its not
> allowable.

Defendant has billed in-house copying costs at a rate

of $.15 per page, which comports with Local Rule 52.4(f)(4).

Defendant also submitted documentation describing the pleadings

copied, the number of pages in each pleading, and the number of

copies made of each pleading.  The number of copies, however,

must be necessarily obtained for use in the case, and copies

obtained for the use or convenience of the party seeking recovery

are not taxable.  See Local Rule LR54.2(f)(4).

Defendant has not established that copies beyond the

two courtesy copies filed with the district court, and the copies

submitted to Plaintiff and counsel for the co-defendants, were

necessarily obtained for use in this case.  Defendant copied

thirteen documents four times or fewer, totaling 912 pages.

Defendant copied eleven documents more than four times, totaling

1,625 pages.  The first group of copying costs is taxable in

full.  With regard to the second group, based on the available

supporting documentation copies are only taxable up to the cost of four copies, calculated at 1,300 pages.

This Court, therefore, RECOMMENDS that the district judge GRANT Defendant's request for copying costs in the amount of $331.80.  This Court RECOMMENDS that the district judge DENY WITHOUT PREJUDICE Defendant's remaining request, subject to the submission of supplemental documentation in compliance with Local Rule 54.2(f)(4).

## IV.   Summary of Taxable Costs

This Court FINDS that Defendant has established that the following costs are taxable:

|  |  |
|---|---|
| Fees of the Court Reporter | $1,228.66 |
| Fees for Copying Pleadings | $  331.80 |
|  | --------- |
| Total: | $1,560.46 |

The Court therefore RECOMMENDS that the district judge tax costs against Plaintiff and for Defendant in the amount of $1,560.46.

## CONCLUSION

In accordance with the foregoing, this Court, acting as Special Master, HEREBY FINDS and RECOMMENDS that Plaintiff's Objections to Defendant's Bill of Costs filed April 28, 2009, be GRANTED IN PART AND DENIED IN PART and that the district judge tax costs in favor of Defendant and against Plaintiff in the amount of $1,560.46.

IT IS SO FOUND AND RECOMMENDED.

8

DATED AT HONOLULU, HAWAII, June 16, 2009.



 /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**GEORGE JOY V. JERRY TOYAMA, ET AL**; CIVIL NO. 07-00574 DAE-LEK;
REPORT OF SPECIAL MASTER ON PLAINTIFF'S OBJECTIONS AND MEMORANDUM
IN OPPOSITION TO DEFENDANT COUNTY OF MAUI'S BILL OF COSTS